# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,          )
                                              )
             Plaintiff,          )
                                              )
-vs-          )          Case No. CR-23-393-001-F
                                            )
JUAN CARLOS GRAMAJO          )
CIFUENTES,          )
                                            )
             Defendant.          )

## ORDER

Defendant Juan Carlos Gramajo Cifuentes, proceeding *pro se*, has filed a motion seeking a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines.[1] Doc. no. 54.  Plaintiff United States of America has responded in opposition to the motion.  Doc. no. 57.  The matter is at issue.

Pursuant to a plea agreement, defendant pleaded guilty to Count 1 of the Indictment, charging defendant with a money laundering conspiracy in violation of 18 U.S.C. § 1956(h).  Thereafter, the Probation Office prepared a final presentence investigation report.  Doc. no. 41.  Defendant's base level offense was calculated at 22.  Defendant received a six-level enhancement under U.S.S.G.[2] § 2S1.1(b)(1) because he knew that the laundered funds were the proceeds of the distribution of controlled substances, and a two-level enhancement under U.S.S.G. § 2S1.1(a)(2)

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate.  <u>Yang v. Archuleta</u>, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

[2] United States Sentencing Guidelines.

because he was in the business of laundering funds, resulting in an adjusted offense level of 32. Applying a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, defendant's total offense level was 29.

Based on his lack of criminal history, defendant was assessed a criminal history score of zero, establishing a criminal history category of I. With a total offense level of 29 and a criminal history category of I, defendant's advisory sentencing guideline imprisonment range was 87 months to 108 months.

At sentencing, the court adopted the final presentence investigation report without change. The court varied downward and sentenced defendant for a term of imprisonment of 72 months. Judgment was entered on May 3, 2024. No direct appeal was filed.

In his motion, defendant asks the court to adjust his sentence based upon Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines, effective November 1, 2023, given that he received zero criminal history points.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress has provided a few exceptions to this rule. One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. *Id*.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion. *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013). The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the reduction is authorized, the court may

consider any applicable 18 U.S.C. § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 55), the court finds that defendant is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1).

Initially, the court notes that defendant was sentenced on May 3, 2024 after Amendment 821 went into effect. Defendant therefore would have received the benefit of the amendment had he been eligible for its application. However, to be eligible for the two-level adjustment as a zero-point offender, defendant must meet ten criteria. *See*, U.S.S.G. § 4C1.1(a). One of those criteria is that "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense[.]" U.S.S.G. § 4C1.1(a)(7). According to the final presentence investigation report, defendant did possess a firearm during the commission of the offense. The firearm was found in a safe in his residence, along with paperwork associated with El Rincon Chapin, financial paperwork, deposit slips, and cash.

Because defendant was sentenced after Amendment 821 went into effect and he does not meet all ten criteria of U.S.S.G. § 4C1.1(a), specifically, U.S.S.G. § 4C1.1(a)(7), he is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1). Therefore, the court concludes that defendant's motion should be dismissed.

Accordingly, defendant Juan Carlos Gramajo Cifuentes's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 821 (Part B, Subpart 1) of the United States Sentencing Guidelines (doc. no. 54) is **DISMISSED**.

IT IS SO ORDERED this 17th day of December, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-0393p009.docx